

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES GENTRY,<br><br>    Plaintiff,<br><br>    v.<br><br>VILLAGE OF BOLINGBROOK,<br>BOLINGBROOK POLICE OFFICERS<br>SEAN KOREN and PAT FREEMAN,<br>BOLINGBROOK POLICE LIEUTENANT<br>TOM ROSS, BOLINGBROOK<br>ASSISTANT CHIEF OF POLICE<br>DONALD MALLOY, and<br>BOLINGBROOK CHIEF OF POLICE<br>RAYMOND MCGURY,<br><br>    Defendants. | No. 06 C 6342<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff James Gentry has filed a complaint against the Village of Bolingbrook and several of the city's police officers claiming that they violated his rights under 42 U.S.C. § 1983 by improperly stopping a car he was traveling in, seizing money that he possessed and not returning the full amount that was seized back to him. Defendants have filed a motion to dismiss the complaint. For the following reasons, Defendant's motion is granted in part and denied in part.

## FACTS

In the Complaint, Gentry alleges that on September 3, 2005, Officers Koren and Freeman pulled over his girlfriend's car while he was in the passenger seat. He claims that after searching him, his companion and the car for drugs and other contraband, the officers confiscated $14,000 in cash from him but did not make any arrests. Gentry claims that he had the money in order to

pay for certain business operating expenses. Later, he went to the station to reclaim the funds, but after speaking to the officers named in the complaint, was only able to recover a little more than half of the amount he says the officers took. He has now filed suit alleging his rights were violated.

## STANDARD

A motion to dismiss tests the sufficiency of a claim, not the merits of the case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). I should grant Defendants' motion only if Plaintiff cannot prove any set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing Defendants' motion, I must construe all allegations in the claims in the light most favorable to Plaintiff and accept all well-pleaded facts and allegations as true. *See Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). I may only grant Defendants' motion if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## ANALYSIS

### Official Capacity

An official capacity suit against a state official is regarded as "another way of pleading an action against an entity of which [the official] is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)). On the other hand, a suit against a person in his individual capacity "seek[s] to impose personal liability upon a government official for actions he takes under color of state law." *Id.* The distinction between the two suits is significant because it "determines both the source and

2

nature of the damages award." *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991). Defendants argue that the Complaint should be dismissed because it only alleges official capacity claims, yet fails to identify any pattern or practice as required under *Monell*.

Defendants' official capacity argument is incorrect. "[I]n a suit where the complaint alleges the tortious conduct of an individual acting under color of state law, an individual capacity suit plainly lies, even if the plaintiff failed to spell out the defendant's capacity in the complaint." *Id.* at 1374. Plaintiff's Complaint here clearly fits that description. The Complaint alleges that Officers Koren and Freeman unlawfully detained Plaintiff and then conducted an unlawful search and seizure. It also claims that all of the Defendant Officers deprived Gentry of his property without due process and denied him the equal protection of the law. Gentry is seeking compensatory and punitive damages for those actions. Punitive damages may only be recovered against a government actor in an individual capacity suit. *Id.* When read in its entirety, the Complaint shows that Gentry intended to sue the officers in their individual capacities.

## Monell Claims

Next, Defendants argue that any *Monell* claims should be dismissed for failure to plead with sufficient particularity. *Monell* claims are only required to adhere to the same notice pleading requirements as most other federal claims. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 168-69 (1993). Gentry's complaint clearly passes that hurdle by stating the actions that the officers took and alleging that those actions were the result of the policy or practice of the Village of Bolingbrook through its failure

3

to train, supervise and control its officers. That language is sufficient to survive a motion to dismiss.

**Substantive Due Process**

Next, Defendants argue that Count III of the Complaint, which alleges that the officers deprived Gentry of property without due process of law, should be dismissed because it is solely a procedural due process claim and Plaintiff already had the opportunity to be heard at a meaningful time and in a meaningful manner. Gentry responds that he has a valid substantive due process claim in addition to his procedural due process claim.

Substantive due process claims exist to "[protect] individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them.'" *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). "[T]he scope of substantive due process is very limited." *Tun v. Whitticker*, 398 F.3d 899, 902 (7th Cir. 2005). "In order to prevail on a substantive due process claim involving a deprivation of a property interest, a plaintiff must 'show either the inadequacy of state law remedies or an independent constitutional violation.'" *Gable v. City of Chicago*, 296 F.3d 531, 541 (7th Cir. 2002). If the claim is "covered by a specific constitutional provision, . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998) (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)).

Plaintiff has made no allegations in the complaint about the inadequacy of any state law remedies. The allegations in this complaint would clearly be covered under the Fifth Amendment, which covers deprivation of property without due process. That is why the Plaintiff

4

specifically alleged a violation of the Fifth and Fourteenth Amendments in the Complaint. This is purely a procedural due process claim.

**Procedural Due Process**

In order to make a procedural due process claim, Gentry must show: (1) that he was "deprived of a protected interest" and (2) the procedural process that he was due. *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996). In this case, which potentially involves an unauthorized intentional deprivation of property, there is no violation of the due process if "a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). This means that there is an additional requirement – Gentry must either "avail [himself] of the remedies guaranteed by state law or demonstrate that the available remedies are inadequate." *Doherty*, 75 F.3d at 323.

Gentry does not adequately fulfill this requirement in the complaint. He states only that he had his statement taken at the police station and returned two additional times to meet with officers in attempting to get his money back. In his response to the motion to dismiss, Gentry argues that the promptness of any hearings offered would not have been adequate because of his particular situation. If Gentry's need for the money is as urgent as he claims, it is difficult to see how a federal lawsuit would be any more prompt than the remedies offered by the State. Regardless of this, he has failed to plead anything at all about the appropriate procedures being inadequate or fundamentally unfair in his Complaint. In fact, he fails to mention anything about any process at all. Therefore, his procedural due process claim is dismissed.

**Equal Protection**

Gentry must show three things to establish a prima facie case of discrimination under the equal protection clause: (1) that he "is a member of a protected class," (2) "that he 'is otherwise similarly situated to members of the unprotected class,'" and (3) "that he 'was treated differently from members of the unprotected class.'" *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993) (quoting *McMillian v. Svetanoff*, 878 F.2d 186, 189 (7th Cir. 1989)). In the complaint, Gentry alleges that the police officers stopped the car and violated his rights as a result of his membership in a protected class. Notwithstanding his potential future difficulty with identifying similarly situated individuals, he certainly does not need to identify any in the Complaint. Courts have allowed equal protection claims to be pleaded liberally under the notice pleading requirements of Fed. R. Civ. P. 8. *See Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005). The acts alleged in the Complaint are sufficient to withstand the motion to dismiss.

**Supervisory Liability**

Lastly, Defendants claim that Defendant Officers Ross, Malloy and McGury should be dismissed from the first two counts because they were not at the scene when the initial stop and seizure occurred. However, Defendants are incorrect in suggesting that supervisors are not liable unless they directly participate in the events. *See Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986). In order for supervisors to be individually liable, Plaintiff must show "a deliberate or reckless disregard" for his rights, or that the actions occurred "at [the supervisor's] direction or with her knowledge or consent." *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982). In this case, Plaintiff has sufficiently pleaded that these three defendants could be individually liable. The officers could conceivably be included under the umbrella of "relevant policy-makers"

6

referred to in the Complaint. For now, that is enough for Gentry to avoid dismissal of Counts I and II against the supervisors.

For the aforementioned reasons, Defendant's motion to dismiss is granted in part and denied in part.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: March 19, 2007